CAROLYN HUNT COTTRELL (SBN: 166977)
ORI EDELSTEIN (SBN: 268145)
KYLE G. BATES (SBN: 299114)
KRISTABEL SANDOVAL (SBN: 323714)
SCHNEIDER WALLACE COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: oedelstein@schneiderwallace.com
Email: kbates@schneiderwallace.com
Email: ksandoval@schneiderwallace.com

*Attorney for Plaintiff and Class members*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Darrenia James, on behalf of herself and the Class members,<br><br>*Plaintiffs,*<br><br>vs.<br><br>Rainbow USA, Inc., dba New York Rainbow USA Inc.<br><br>*Defendant.* | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Failure to Pay for All Hours Worked (Labor Code § 204);<br>(2) Failure to Pay Minimum Wage and Liquidated Damages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1);<br>(3) Failure to Provide Timely and Accurate Itemized Wage Statements (Labor Code §§ 226);<br>(4) Waiting Time Penalties ( Labor Code §§ 201-203)<br>(5) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*);<br><br>**DEMAND FOR JURY TRIAL** |

# **INTRODUCTION**

1.     Plaintiff Darrenia James, individually and on behalf of all others similarly situated, brings this class action against Defendant Rainbow USA Inc., dba New York Rainbow USA Inc. ("Defendant" or "Rainbow") on behalf of individuals who have worked for Rainbow as non-exempt hourly employees and have been subject to Defendant's security-check policies and practices. Throughout the relevant time period, Plaintiff and similarly situated workers have been denied payment for all hours worked and have been forced to wait in security-check lines while off-the-clock. This case implicates Defendant's longstanding policies and practices, which fail to properly compensate non-exempt employees for work performed while "off-the-clock."

2.     Rainbow's conduct violates California law by knowingly and willfully requiring Plaintiff and Class members to perform work and/or remain on duty for the benefit of Defendant while off-the-clock. Plaintiff and Class members bring these claims to challenge Defendant's policies and practices of: (1) failing to pay Plaintiff and Class members all minimum wages owed; (2) failing to compensate Plaintiff and Class members for all hours worked; (3) failing to pay all wages owed upon separation of employment; and (4) failing to provide Plaintiff and Class members accurate, itemized wage statements.

3.     Plaintiff files this action to recover all unpaid wages, compensation, penalties, and other damages on behalf of herself and Class members under Federal Rule of Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendant has integrated into its payroll and security policies across their stores throughout California that have deprived Plaintiff and Class members of their lawfully-earned wages.

# **SUBJECT MATTER JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1332 (a) because complete diversity exists between Plaintiff and Defendant, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5.     Venue is proper in the Central District of California under 28 U.S.C. §1391(b) because a substantial part of the acts, events or omissions giving rise to the action occurred in this District.

1

**PARTIES**

6.      Plaintiff Darrenia James is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of San Bernardino County, California.  Plaintiff was employed as a non-exempt retail employee by Defendant at the Rainbow store in Los Angeles, California from August 2020 through September 2020.

7.      The Class members are all people who are or who have been employed by Defendant as hourly non-exempt employees at Rainbow retail stores operated by Defendant throughout the State of California within the four years preceding the filing of this Complaint.

8.      Plaintiff is informed, believes, and thereon alleges that Defendant Rainbow USA, Inc. is a New York corporation with its principal place of business located in Brooklyn, New York, and is registered to do business in California. Defendant may be served with process by serving its registered agent, C T Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

9.      Plaintiff is informed, believes, and thereon alleges that, in California, Defendant owns, operates, and/or manages retail stores throughout the state commonly referred to as Rainbow. Plaintiff is informed, believes, and thereon alleges that Defendant employs Class members, among other hourly employees, throughout the state of California.

10.      At all material times, Defendant has done business under the laws of California, has had places of business in California, including in this judicial district, and has employed Class members in this County and elsewhere throughout California.  Defendant is a "person" as defined in Labor Code § 18 and "employer" as that term is used in the Labor Code, the IWC Wage Orders regulating wages, hours, and working conditions, and the California Business and Professions Code § 17201.

**FACTUAL ALLEGATIONS**

11.      Defendant operates a chain of retail stores throughout the United States and California. Defendant employs hundreds of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

12.      Plaintiff worked at the Rainbow retail store in Los Angeles, California as a non-exempt employee as from August 2020 through September 2020. Plaintiff was paid at an hourly rate of

2

1    approximately $13. On average, Plaintiff worked 24 hours per week.

2        13.    During the approximately three weeks of Plaintiff's employment, Defendant did not pay

3    Plaintiff for her labor. Plaintiff's counsel sent Defendant correspondence on September 28, 2020

4    requesting payment of her wages. Ultimately, Plaintiff received payment for her hours worked. Upon

5    information and belief, Defendant institutes a similar practice wherein Defendant promises

6    employment to Aggrieved Employees, extracts labor from these hourly workers while promising

7    payment of wages, and then refuses to pay these workers for the extended periods of time worked.

8        14.    Additionally, and as a matter of course, Defendant routinely makes Plaintiff and Class

9    members wait in security-check lines at the end of their shifts while they are off-the-clock – after they

10   have already clocked out. Plaintiff and Class members are required to wait on average 5-to-10 minutes,

11   and sometimes even longer, before their shift begins and after their shift ends. This time spent waiting

12   in the security check lines is compensable, but nevertheless goes unpaid.

13       15.    As a result of these policies, Defendant denies Plaintiff and Class members

14   compensation which they are lawfully owed resulting from the additional off-the-clock post-shift work.

15       16.    Plaintiff is informed, believes, and thereon alleges that this same security-check system

16   is used across all Defendant's Rainbow facilities throughout California.

17       17.    Plaintiff is informed, believes, and thereon alleges that Defendant utilizes the same or

18   substantially similar timekeeping mechanism throughout all of their stores in California.

19       18.    Defendant's common course of wage-and-hour abuse includes routinely failing to

20   maintain true and accurate records of the hours worked by Class members. In particular, Defendant has

21   failed to record hours that Plaintiff and Class members worked off-the-clock.

22       19.    Class members were and are employed by Defendant and performed work materially

23   similar to Plaintiff.

24       20.    Class members report to facilities owned, operated, or managed by Defendant to

25   perform their jobs.

26       21.    Class members perform their jobs under Defendant's supervision and using materials

27   and technology approved and supplied by Defendant.

28       22.    Class members are required to follow and abide by common work, time, and pay policies

3

1    and procedures in the performance of their jobs, including the security check requirement.

2          23.    At the end of each pay period, Class members receive wages from Defendant that are

3    determined by common systems and methods that Defendant selects and controls.

4          24.    Defendant pays Class members on an hourly rate basis.

5          25.    Defendant employs hundreds of people similarly situated to Plaintiff during the four-

6    year period prior to the filing of this Complaint.

7          26.    Defendant's method of paying Plaintiff and Class members is willful and not based on

8    a good faith and reasonable belief that its conduct complied with California law.

9          27.    Defendant's conduct is willful, is carried out in bad faith, and causes significant damages

10   to non-exempt hourly employees in an amount to be determined at trial.

11                    **FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS**

12         28.    Plaintiff brings causes of action as a class action on behalf of herself and all others

13   similarly situated pursuant to Fed. R. Civ. P. 23:

14              **All current and former hourly, non-exempt workers employed at any**
                **Rainbow store throughout California any time starting four years prior**
15              **to the filing of this Complaint until resolution of this action.**

16         29.    This action has been brought and may properly be maintained as a class action because

17   there is a well-defined community of interest in the litigation and the proposed class is easily

18   ascertainable.

19         30.    <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the

20   members of the Class is impracticable. Plaintiff is informed and believes that the number of Class

21   members exceeds 100. This volume makes bringing the claims of each individual member of the class

22   before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in

23   this action is impracticable. Furthermore, the identities of the Class will be determined from

24   Defendant's records, as will the compensation paid to each of them. As such, a class action is a

25   reasonable and practical means of resolving these claims. To require individual actions would prejudice

26   the Class and Defendant.

27         31.    <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Class

28   that predominate over any questions affecting only individual members of the Class. These common

questions of law and fact include, but are not limited to:

    a.  Whether Defendant has a policy and/or practice of requiring Class members to be in the control of, spend time primarily for the benefit of, and work for Defendant off-the-clock and without compensation;

    b.  Whether Defendant fails to compensate Class members for all hours worked, including as minimum wages and/or regular rate wage compensation, in violation of the Labor Code and Wage Orders;

    c.  Whether Defendant fails to pay all wages owed upon Class members' separation of employment;

    d.  Whether Defendant violates Business and Professions Code §§ 17200 *et seq.*, by:

        (a)  failing to pay Class members minimum wage for all hours worked; and

        (b)  failing to pay Class members for all wages owed upon separation of employment.

    e.  Whether injunctive relief is appropriate with respect to Defendant's actions towards the Class members as a whole;

    f.  The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

32.  <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

33.  <u>Adequacy of Representation</u>:  Plaintiff seeks relief for state law violations perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

34.    <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

35.    In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

36.    If each individual Class member was required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial and legal resources.

37.    Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Failure to Pay for All Hours Worked Pursuant to the California Labor Code § 204**
**(On Behalf of the Class)**

38.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

39.    Defendant willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in its control.

40.    Defendant intentionally and willfully requires Plaintiff and the Class members to complete additional work off-the-clock. For example, Plaintiff and putative Class members are required

to wait in security-check lines while off-the-clock for an average of 5-to-10 minutes before leaving the premises for every shift worked. Plaintiff and Class members are not compensated for this work. As a result, Defendant fails to pay Plaintiff and the Class members for all hours worked and fail to track their actual hours worked.

41.     Labor Code section 204 provides in part that "all wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

42.     Labor Code section 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

43.     Labor Code section 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

44.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

45.     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

46.     Defendant requires Plaintiff and the Class to work off-the-clock without compensation. In other words, Plaintiff and the Class are forced to perform work for the benefit of Defendant without compensation.

47.     In violation of California law, Defendant knowingly and willfully refuses to perform its obligations to provide Plaintiff and the Class with compensation for all time worked. Defendant regularly fails to track all of the time Plaintiff and the Class actually work or to compensate them for all hours worked. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the Class members' rights.

7

1  Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory damages, plus

2  interest, attorneys' fees, expenses, and costs of suit.

3      48.    As a proximate result of the aforementioned violations, Plaintiff and the Class have been

4  damaged in an amount according to proof at time of trial.

5      49.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

6                      **SECOND CAUSE OF ACTION**
                        **Failure to Pay Minimum Wages**
7      **Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
                        **(On Behalf of the Class)**
8
9      50.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

10 herein.

11     51.    During the applicable statutory period, California Labor Code §§ 1182.12 and 1197, and

12 the Minimum Wage Order were in full force and effect and required that Defendant's hourly employees

13 receive the minimum wage for all hours worked at the rate of ten dollars a fifty cents ($10.50) per hour

14 commencing January 1, 2017, eleven dollars ($11.00) per hour commencing on January 1, 2018, twelve

15 dollars ($12.00) per hour commencing on January 1, 2019, and thirteen dollars ($13.00) per hour

16 commencing January 1, 2020.

17     52.    Defendant maintains, and has maintained, policies and procedures which create a

18 working environment where hourly employees are routinely compensated at a rate that is less than the

19 statutory minimum wage. Plaintiff and Class members frequently work time off-the-clock during time

20 spent in security check lines, which is time worked that is uncompensated.

21     53.    As a direct and proximate result of the unlawful acts and/or omissions of Defendant,

22 Plaintiff and Class members have been deprived of minimum wages in an amount to be determined at

23 trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon,

24 attorneys' fees, costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

25     54.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

26

27

28

## THIRD CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226
### (On Behalf of the Class)

55.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

56.    Defendant does not provide Plaintiff and Class members with accurate itemized wage statements as required by California law.

57.    Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

58.    IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

59.    Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

60.    Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

61.    Defendant does not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage

9

1   statements Defendant provides its employees, including Plaintiff and putative Class members, do not

2   accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

3        62.    Defendant is liable to Plaintiff and the putative Class alleged herein for the amounts

4   described above in addition to the civil penalties set forth below, with interest thereon. Furthermore,

5   Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code

6   § 226(e).

7        63.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

8                              **FOURTH CAUSE OF ACTION**
                    **Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
9                               **(On Behalf of the Class)**

10       64.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

11  herein.

12       65.    Defendant does not provide putative Class members with their wages when due under

13  California law after their employment with Defendant ends.

14       66.    Labor Code § 201 provides:

15              If an employer discharges an employee, the wages earned and unpaid at
                the time of discharge are due and payable immediately.
16

        67.    Labor Code § 202 provides:
17
                If an employee not having a written contract for a definite period quits
18              his or her employment, his or her wages shall become due and payable
                not later than 72 hours thereafter, unless the employee has given 72 hours
19              previous notice of his or her intention to quit,  in  which case the

20              employee is entitled to his or her wages at the time of quitting.

21       68.    Labor Code § 203 provides, in relevant part:

22              If an employer willfully fails to pay, without abatement or reduction, in
                accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
23              employee who is discharged or who quits, the wages of the employee
                shall continue as a penalty from the due date thereof at the same rate until
24              paid or until an action therefor is commenced; but the wages shall not
                continue for more than 30 days.
25
        69.    Some of the putative Class members left their employment with Defendant during the
26
    statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages
27

28

---

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*James, et al. v. Rainbow USA, Inc.*

1  derive from time spent working for the benefit of Defendants, which went unrecorded and/or

2  uncompensated.

3        70.    Defendant willfully refused and continues to refuse to pay putative Class members all

4  the wages that are due and owing to them, in the form of uncompensated off-the-clock time, upon the

5  end of their employment as a result of Defendant's willful failure to provide Plaintiff and the putative

6  Class members with payment for all hours worked.  As a result of Defendant's actions, Plaintiff and

7  putative Class members have suffered and continue to suffer substantial losses, including lost earnings,

8  and interest.

9        71.    Defendant's willful failure to pay Plaintiff and putative Class members the wages due

10  and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to

11  Plaintiff and proposed Class members for all penalties owing pursuant to Labor Code §§ 201-203.

12        72.    In addition, Labor Code § 203 provides that an employee's wages will continue as a

13  penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff and putative Class

14  members are entitled to penalties pursuant to Labor Code § 203, plus interest.

15        73.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

16                              **FIFTH CAUSE OF ACTION**
       **Violation of California Business and Professions Code §§ 17200 *et seq*.**
17                           **(On Behalf of the Class)**

18        74.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

19  herein.

20        75.    California Business and Professions Code § 17200, *et seq*., prohibits unfair competition

21  in the form of any unlawful, unfair, or fraudulent business acts or practices.

22        76.    Business and Professions Code § 17204 allows a person injured by the unfair business

23  acts or practices to prosecute a civil action for violation of the UCL.

24        77.    Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce

25  minimum labor standards in order to ensure employees are not required to work under substandard and

26  unlawful conditions, and to protect employers who comply with the law from those who attempt to

27  gain competitive advantage at the expense of their workers by failing to comply with minimum labor

28  standards.

                                          11
                CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
                          *James, et al. v. Rainbow USA, Inc.*

1    78.    Beginning on a date unknown to Plaintiff, but at least since the date four years prior to

2    the filing of this suit, Defendant has committed acts of unfair competition as defined by the UCL, by

3    engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint,

4    including, but not limited to:

5        a.    violations of Labor Code § 1194 and IWC Wage Order 4-2001 pertaining to

6            payment of wages;

7        b.    violations of Labor Code § 203 pertaining to failure to pay all wages owed upon

8            separation of employment;

9        c.    violations of Labor Code § 510 pertaining to failure to pay overtime wages; and

10        d.    violations of Labor Code § 226 regarding accurate, timely itemized wage

11            statements.

12    79.    The violations of these laws and regulations, as well as of the fundamental California

13    public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business

14    and Professions Code §§ 17200 *et seq.*

15    80.    The acts and practices described above constitute unfair, unlawful and fraudulent

16    business practices, and unfair competition, within the meaning of Business and Professions Code §§

17    17200 *et seq.* Among other things, the acts and practices have taken from Plaintiff and the Class wages

18    rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-

19    abiding employers and competitors.

20    81.    Business and Professions Code § 17203 provides that a court may make such orders or

21    judgments as may be necessary to prevent the use or employment by any person of any practice which

22    constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendant from

23    repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

24    82.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and

25    the Class members have suffered a loss of money and property, in the form of unpaid wages which are

26    due and payable to them.

27    83.    Business and Professions Code § 17203 provides that the Court may restore to any

28    person in interest any money or property which may have been acquired by means of such unfair

12

competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint. Plaintiff's success in this action will enforce important rights affecting the public interest and in that regard Plaintiff sues on behalf of herself as well as others similarly situated. Plaintiff and putative Class members seek and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable remedies owing to them.

84. Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

85. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of the Class members, requests the following relief:

1. For an order certifying the Causes of Action herein described as a class action pursuant to Fed. R. Civ. P. 23;

2. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

3. For a declaratory judgment that Defendant violated the California Labor Code, California law, and public policy as alleged herein;

4. For a declaratory judgment that Defendant violated California Business and Professions Code §§ 17200 *et seq*. as a result of the aforementioned violations of the California Labor Code;

5. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

6. For an order awarding Plaintiff and the Class members compensatory damages,

13

1    including lost wages, earnings, liquidated damages, penalties, and other employee

2    benefits, restitution, recovery of all money/property, actual damages, and all other sums

3    of money owed to Plaintiff and Class members, together with interest on these amounts

4    according to proof;

5    7.    For an order awarding Plaintiff and Class members civil penalties pursuant to the

6    California Labor Code, and the laws of the State of California, with interest thereon;

7    8.    For an order awarding reasonable attorneys' fees as provided by the California Labor

8    Code, California Code of Civil Procedure § 1021.5, the laws of the State of California,

9    and/or other applicable law;

10    9.    For all costs of suit;

11    10.    For interest on any penalties awarded, as provided by applicable law; and

12    11.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: December 29, 2020

Ori Edelstein
Carolyn Hunt Cottrell
Kyle G. Bates
Kristabel Sandoval
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and Class Members*

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*James, et al. v. Rainbow USA, Inc.*

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a

3 jury.

4

Respectfully submitted,

5 Date: December 29, 2020

6

_____
Ori Edelstein

7 Carolyn Hunt Cottrell

Kyle G. Bates

8 Kristabel Sandoval

SCHNEIDER WALLACE

9 COTTRELL KONECKY LLP

10

*Attorneys for Plaintiff and Class members*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*James, et al. v. Rainbow USA, Inc.*